**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000595
17-JUN-2021
08:01 AM
Dkt. 120 MO**

NO. CAAP-16-0000595

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

RAYMOND G. CARVALHO, II, Plaintiff-Appellee,
v.
KIM LAN CARVALHO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 10-1-0304)

MEMORANDUM OPINION
(BY: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Kim Lan Carvalho (**Kim Lan**) appeals
from the August 22, 2016 Decree Granting Absolute Divorce
(**Divorce Decree**) entered in the Family Court of the Third Circuit
(**Family Court**).[1]  The Divorce Decree and the July 26, 2016
Findings of Fact and Conclusions of Law (**FOF/COL**) allocated to
Kim Lan the entire interest in a property in Vietnam (**Vietnam
Property**), and denied Kim Lan any spousal support.

On appeal, Kim Lan asserts that the Family Court erred
in the property division by:  (1) applying the affirmative
defense of equitable estoppel *sua sponte* to Kim Lan in allocating
the entire valuation of the Vietnam Property to her; or
alternatively, not allocating a half interest to Plaintiff-

---

[1]    The Honorable Lloyd Van De Car presided over the divorce trial and
entered the FOF/COL filed on July 26, 2016.  Judge Van De Car retired in July
2016.  The Honorable Michael J. Udovic signed the Divorce Decree filed on
August 22, 2016.

Appellee Raymond G. Carvalho II (**Raymond**); (2) categorizing certain debts as marital debt, and improperly valuing other property; (3) determining that no valid and relevant considerations (**VARCs**) warranting a deviation from the Marital Partnership Model existed; and (4) ordering Kim Lan to pay Raymond a $233,735.25 equalization payment.[2]  Kim Lan also asserts that the Family Court erred in not awarding her spousal support because it failed to comply with Hawaiʻi Revised Statutes (**HRS**) § 580-47(a).[3]  Because we hold that equitable estoppel was improperly applied *sua sponte* and resulted in an erroneous property division, we affirm in part, and vacate in part.

## I.  BACKGROUND

Kim Lan and Raymond were married in 2002.  They had no children together.  On November 9, 2010 Raymond filed a Complaint for Divorce requesting a decree for relief, and claimed Kim Lan was not entitled to spousal support.  Kim Lan filed her Answer, agreeing with the Complaint except asserting that she was entitled to spousal support.

On February 1, 2016, Kim Lan filed a motion in limine to preclude any evidence related to the Vietnam Property because Raymond had not asserted a position as to the Vietnam Property in his motion to set the case for trial or in any of his position statements, in violation of Hawaiʻi Family Court Rules (**HFCR**) Rule 94.  On February 5, 2016 when trial commenced, the Family Court stated that it would not address Kim Lan's motion in limine because Raymond's counsel did not have an opportunity to respond, and the court indicated it would address the issues as they arose.

The divorce trial was conducted on February 5, June

---

[2]    The challenge to the property division includes FOFs 7, 8, 25-30, and 32, and COLs 16, 18, 19, 21, 30-34.

[3]    The challenge to spousal support includes FOFs 7, 8, 37, 38, 39 and COLs 7-10 and 30-33.

2

13, and June 14, 2016. Raymond testified that he was 69 years old at the time of trial, suffered from numerous disabilities and medical conditions, was retired but performed some handyman services for cash, and paid $2,000 a month in spousal support to an ex-wife. It was also stipulated that Raymond had income from VA benefits and Social Security consistent with his Income and Expense Statements. Kim Lan testified that she was born in 1949; was originally from Vietnam; had worked in a papaya factory, a clothes factory, and as a bartender; and her current monthly income was $2,133 from her rental property and Social Security.

As to the Vietnam Property, Raymond testified that he believed he, Kim Lan, and Kim Lan's nephew owned the property because Kim Lan had told him it was their property. Raymond's understanding was that the Vietnam Property was repayment for the $200,000 in loans to Kim Lan's nephew. However, he admitted that he had not seen any paperwork to that effect and just believed Kim Lan. Raymond stated that he had bought the lot under which the house in Vietnam was situated in 2007, using cash. In Kim Lan's testimony, she agreed that the house on the Vietnam Property was constructed by her nephew after she sent him the $200,000, but stated that her nephew owned the home at that time. Conversely, various members of Raymond's family testified that Kim Lan had represented that she and Raymond owned the Vietnam Property. In addition, Raymond's former employee testified that Kim Lan's sister, Hoa Dang, also represented that Kim Lan and Raymond owned a home in Vietnam. Raymond's son admitted that he never saw any documentation that Raymond and Kim Lan owned the Vietnam Property. Kim Lan's brother-in-law testified that the Vietnam Property had belonged to Kim Lan's nephew, but now Kim Lan's brother lived there.

At the conclusion of evidence, the parties filed written closing arguments. Raymond argued that the evidence showed that Kim Lan transferred $200,000 to her nephew and that

Raymond believed Kim Lan's nephew would repay them by building them a house in Vietnam. Raymond acknowledged that the Vietnam Property was neither in his nor Kim Lan's name, but argued that the Vietnam Property, which was later transferred from Kim Lan's nephew to her brother, was being held in trust for Raymond and Kim Lan. Raymond also asserted that Kim Lan was not entitled to spousal support based on his debts, health problems, advanced age, and his inability to earn extra income. Kim Lan argued that the Vietnam Property was not properly disclosed in violation of HFCR Rule 94, and that in any case, the value and ownership of the property had not been established. Kim Lan further asserted that the $200,000 loaned to her nephew could not be considered waste because it occurred during the marriage. Finally, Kim Lan also argued that she was entitled to $1,000 a month in spousal support for five years because Raymond earned considerably more than her, he had almost $2,000 remaining each month after paying his expenses, and cited her need and length of the marriage. Kim Lan requested an equalization payment in her favor of $150,000.

On July 26, 2016, the Family Court entered its FOF/COL. In relevant part, the Family Court found that Raymond was 69 years old at the time of trial, was retired, had numerous health problems, had a monthly income of $5,400 from VA and Social Security benefits and from performing small jobs for cash, and his expenses were $5,100 a month (FOFs 7, 38). The Family Court found that Kim Lan was 57 years old[4] at the time of trial, was unemployed, had a monthly income of $2,200 a month from rental income and Social Security benefits, her expenses were $2,200 a month, and she had worked in a clothes factory, a papaya farm, a

---

[4] This finding (FOFs 8, 37) is erroneous and is based on Kim Lan's miscalculation of her age in her initial testimony. When Kim Lan testified that she was 57 years old but also claimed she was born in 1949, the Family Court contemporaneously pointed out that her 1949 birth year made her "67 years old." Thus, Kim Lan's correct age was 67 years old at the time of trial.

bar, and as a gambler (FOF 8). The Family Court concluded that the parties were meeting their financial obligations (COL 9), and Kim Lan was not entitled to spousal support (COL 10). As to the Vietnam Property, the Family Court found that neither party introduced any records of current or past ownership (FOF 31), but that the testimony of Raymond and Raymond's witnesses were credible, while Kim Lan's was not (FOF 32). It then concluded that there was credible evidence establishing that Kim Lan induced Raymond into making the $200,000 loan through her representations to him and their friends and family, and that Raymond's reliance on those representations were reasonable (COL 18). The Family Court held that Kim Lan was equitably estopped from disclaiming an interest in the Vietnam Property and that it would value the property at $200,000 based on the loans (COL 19). Further, the Family Court concluded there were no VARCs warranting a deviation from the Marital Partnership Model (COL 32), and ordered Kim Lan to make an equalization payment of $233,735.25 to Raymond based on the division of property (COL 33). The Family Court entered the Divorce Decree on August 22, 2016, which incorporated the FOF/COL.

## II. STANDARDS OF REVIEW

### A. Family Court Decisions

"Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." Hamilton v. Hamilton, 138 Hawaiʻi 185, 197, 378 P.3d 901, 913 (2016) (citing Kakinami v. Kakinami, 127 Hawaiʻi 126, 136, 276 P.3d 695, 705 (2012) (quoting Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006)).

> It is well established that a family court abuses its discretion where "(1) the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant; (2) the family court failed to exercise its equitable discretion; or (3) the family court's decision clearly exceeds the bounds of reason."

<u>Kakinami</u>, 127 Hawaiʻi at 155-56, 276 P.3d at 724-25 (quoting <u>Tougas v. Tougas</u>, 76 Hawaiʻi 19, 26, 868 P.2d 437, 444 (1994)).

**B.     Property Division**

"We review the family court's final division and distribution of the estate of the parties under the abuse of discretion standard, in view of the factors set forth in HRS § 580-47 and partnership principles." <u>Gordon v. Gordon</u>, 135 Hawaiʻi 340, 348, 350 P.3d 1008, 1016 (2015) (quoting <u>Tougas</u>, 76 Hawaiʻi at 26, 868 P.2d at 444).

"The family court's determination of whether facts present valid and relevant considerations authorizing a deviation from the partnership model division is a question of law that this court reviews under the right/wrong standard of appellate review." <u>Id.</u> (citing <u>Jackson v. Jackson</u>, 84 Hawaiʻi 319, 332-33, 933 P.2d 1353, 1366-67 (App. 1997)).

**C.     Family Court's Findings of Fact and Conclusions of Law**

"The family court's findings of fact are reviewed under the clearly erroneous standard, while the court's conclusions of law are reviewed de novo under the right/wrong standard." <u>Id.</u> at 348, 350 P.3d at 1016 (citing <u>Kakinami</u>, 127 Hawaiʻi at 136, 276 P.3d at 705)).

> A [finding of fact] is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made. "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

<u>Kakinami</u>, 127 Hawaiʻi at 136, 276 P.3d at 705.

"[W]hen a conclusion of law presents mixed questions of fact and law, we review it under the 'clearly erroneous' standard because the court's conclusions are dependent on the facts and circumstances of each individual case." <u>JW v. RJ</u>, 146 Hawaiʻi 581, 585, 463 P.3d 1238, 1242 (App. 2020) (citing <u>Estate of Klink</u>

ex rel. Klink v. State, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007)). "A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned." Id.

D. **Imposition of Sanctions**

"On appellate review, regardless whether sanctions are imposed pursuant to [court rules] or the trial court's inherent powers, such awards are reviewed for abuse of discretion." Enos v. Pacific Transfer & Warehouse, Inc., 79 Hawai'i 452, 459 n.7, 903 P.2d 1273, 1280, n.7 (1995).

### III. DISCUSSION

A. **THE FAMILY COURT ERRED IN THE PROPERTY DIVISION AS TO THE VIETNAM PROPERTY**

1. **No HFCR Rule 94 error**

Kim Lan contends that the Family Court erred in considering the Vietnam Property in the property division because Raymond failed to give notice of his position regarding the Vietnam Property in his motion to set the case for trial and position statements, in violation of HFCR Rule 94(a)(2).[5] HFCR Rule 94(f) provides that: "If a party (whether represented by an attorney or not), or an attorney . . . unjustifiably fails to comply with any requirements enunciated in this Rule, sanctions may be imposed . . . ." Kim Lan moved in limine to preclude Raymond's evidence regarding the Vietnam Property as a sanction under HFCR Rule 94(f). The Family Court declined to address Kim

---

[5]    HFCR Rule 94(a), in pertinent part, requires that the movant for a motion to set case for trial must attach the following information to the motion:

(1) the movant's current income and expense and asset and debt statements,

(2) a written statement containing a statement of facts, a description of the movant's position on all of the issues, and the factual and legal bases of the movant's positions; and

(3) such other documents as may be required by the court.

Lan's request for sanctions on the grounds that Raymond did not have an opportunity to file a response. Kim Lan does not indicate where in the record she renewed her motion in limine thereafter or subsequently obtained a ruling. The factual disputes regarding the Vietnam Property were fully litigated at trial. We conclude that Kim Lan has not demonstrated that the Family Court's failure to rule on the motion and sanction Raymond constituted an abuse of discretion. See Enos, 79 Hawai'i at 459 n.7, 903 P.2d at 1280 n.7. Thus, this contention is without merit.

### 2. The Vietnam Property was jointly owned and subject to equal division

As to the findings the Family Court entered regarding the Vietnam Property, i.e. FOFs 25-30 and 32,[6] which Kim Lan

---

[6]    These FOFs regarding the Vietnam Property are as follows:

     25.    During the marriage Defendant proposed to Plaintiff that they live part time in Vietnam. She suggested that in exchange for investing in her nephew's business he would build them a home on land adjacent to her mother's home.

     26.    Relying on Defendant's representations, Plaintiff agreed to send $200,000 to Defendant's nephew. The transfer of funds occurred in July, 2008. Exhibits 46 and 47.

     27.    Defendant repeated her representations about the Vietnam home to Plaintiff's sister Maria, his brother Mark, Plaintiff's son Akoni, his daughter Nicole, and to Kathryn Victorino, Plaintiff's employee.

     28.    The home Defendant described to Plaintiff was built next to Defendant's mother's home in Vietnam. After it was completed Plaintiff and Akoni traveled to Vietnam to see the home for the first time. That visit was memorialized in a video commissioned by Defendant. Exhibits 27 and 27A.

     29.    After the parties and Akoni returned from Vietnam they showed the video to members of Plaintiff's family, explaining that the home in the video was their home.

     30.    At trial Defendant denied any ownership interest in the home and denied that the money sent to her nephew was in any way connected to the construction of the home in the video.

     31.    Neither party introduced records reflecting the current or past ownership of the Vietnam home.

     32.    The Court finds that Plaintiff's testimony concerning

8

challenges, we conclude they are not clearly erroneous. Kim Lan argues that these FOFs are erroneous due to the HFCR Rule 94 violation, which we have already rejected supra. In these findings, the Family Court found that both parties agreed that they had transferred $200,000 to Kim Lan's nephew in Vietnam to invest in his business. However, the parties disputed whether a home was built by the nephew next to Kim Lan's mother's home in exchange for the $200,000, and presented conflicting testimony from themselves and through additional witnesses in this regard. The Family Court found in FOF 32 that: "Plaintiff's [Raymond's] testimony concerning the $200,000 and the home in Vietnam is credible and that Defendant's [Kim Lan's] testimony is not."

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) ((quoting In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001)). The Family Court acknowledged in FOF 31 that while "[n]either party introduced records reflecting the current or past ownership of the Vietnam home[,]" the credible testimony nevertheless established that the home, i.e. the Vietnam Property, was built for Raymond and Kim Lan in exchange for the $200,000 transferred to the nephew, and that the Vietnam Property belonged to both of them. In FOF 25, the Family Court found the agreement was that in exchange for the $200,000, the nephew would "build them a home . . . . " (Emphasis added). FOF 29 stated that Raymond and Kim Lan showed a video to Raymond's family members, "explaining that the home in the video was their home." (Emphasis added). These findings are not clearly erroneous and were supported by substantial evidence which the Family Court

---

the $200,000 and the home in Vietnam is credible and that Defendant's testimony is not.

found credible.  See Kakinami, 127 Hawai'i at 136, 276 P.3d at 705.  Thus, we affirm these FOFs regarding the parties' joint ownership interest in the Vietnam Property, and the inclusion of the property in the marital estate pursuant to FOFs 25-30 and 32. See id.

> **3.    The *sua sponte* application of the doctrine of equitable estoppel to Kim Lan's detriment was error**

Kim Lan contends that the Family Court erred in the property division by applying equitable estoppel to preclude Kim Lan from denying an interest in the Vietnam Property, and allocating the entire value of the property to her, when the defense of equitable estoppel was never raised or argued by Raymond.  Kim Lan challenges COLs 16, 18, and 19, which state:

> 16.   In this case the Court must also determine whether equitable estoppel applies in assessing Plaintiff's claims concerning the home in Vietnam.
>
> . . . .
>
> 18.   Here, the credible evidence leads the Court to conclude that Defendant [sic] statements to Plaintiff concerning living part time in Vietnam, purchasing land adjacent to her mother's home, and lending money to her nephew in exchange for building the home caused Plaintiff to assent to sending $200,000 to Vietnam.  The Court concludes that Defendant's statements to Plaintiff's siblings, his children, and his employee establish that her statements to Defendant were more than wishful thinking but willful attempts to influence Plaintiff's behavior.  The Court also concludes that Plaintiff's reliance on Defendant's representations was reasonable, given the fact he and Defendant were married and ostensibly working towards the same goal.
>
> 19.   The Court, therefore, concludes that Defendant is estopped from denying an interest in the Vietnam home, and further concludes that the only measure of its value is the amount of money the parties sent to Vietnam in order to build that home.

(emphases added).  Kim Lan's challenge has merit with regard to the underscored portions above.

We affirm portions of COLs 16, 18, and 19 as follows. As to COL 18, the first sentence is a factual finding consistent with FOFs 25-30 and 32, and this finding is not clearly erroneous

for the same reasons that we upheld these FOFs supra.  The Family Court found in COL 19, that with respect to the Vietnam Property, "the only measure of its value is the amount of money the parties sent to Vietnam in order to build that home."  This factual assessment of value was based in part on credibility determinations which we do not disturb on appeal.  See Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360.  Therefore, the assessment of a $200,000 value for the Vietnam Property was not clearly erroneous.  See FOFs 26, 32.  As to the remaining portions of COLs 18 and 19, and COL 16, Kim Lan's contentions regarding the equitable estoppel defense have merit.

"Equitable estoppel is a defense requiring 'proof that one person wilfully caused another person to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment.'"  Herrmann v. Herrmann, 138 Hawaiʻi 144, 155 n.11, 378 P.3d 860, 871 n.11 (2016) (quoting Maria v. Freitas, 73 Haw. 266, 273, 832 P.2d 259, 264 (1992)).  "[A]bsent manifest injustice, 'the party invoking equitable estoppel must show that he or she has detrimentally relied on the representation or conduct of the person sought to be estopped, *and* that such reliance was reasonable.'"  County of Kauaʻi v. Scottsdale Ins. Co., Inc., 90 Hawaiʻi 400, 403 n.1, 978 P.2d 838, 841 n.1 (1999) (emphasis in original) (citations omitted).

In this case, Raymond did not raise the affirmative defense of equitable estoppel in any of his filings in the Family Court, and thus the defense was waived.  HFCR Rule 8(c);[7] see State ex rel. Office of Consumer Prot. v. Honolulu Univ. of Arts, Scis. & Humanities, 110 Hawaiʻi 504, 516, 135 P.3d 113, 125 (2006) (holding that a party's failure to affirmatively plead an affirmative defense under Hawaiʻi Rules of Civil Procedure (**HRCP**)

---

[7]  HFCR Rule 8(c) requires affirmative defenses, including "estoppel," to be pled.

11

Rule 8(c),[8] or raise it during the trial court proceedings, waived the affirmative defense). The Family Court, however, applied equitable estoppel to Kim Lan, foreclosing her ability to deny an interest in the Vietnam Property, and allocating the entire Vietnam Property to her after setting its value at $200,000. See COLs 18 and 19. The Family Court also ordered Kim Lan to pay a corresponding equalization payment of over $233,000, to Kim Lan's detriment. The Family Court did not provide the parties any notice that it would be applying the doctrine of equitable estoppel in COLs 16, 18 and 19, and did so *sua sponte*. We conclude that the Family Court was wrong to *sua sponte* apply the doctrine of equitable estoppel and to allocate the Vietnam Property entirely to Kim Lan. See Gordon, 135 Hawaiʻi at 348, 350 P.3d at 1016 (citing Kakinami, 127 Hawaiʻi at 136, 276 P.3d at 705).

We thus vacate the portions of COLs 16, 18, and 19 relating to equitable estoppel. However, we do not disturb the finding in COL 18 which states: "18. Here, the credible evidence leads the Court to conclude that Defendant [sic] statements to Plaintiff concerning living part time in Vietnam, purchasing land adjacent to her mother's home, and lending money to her nephew in exchange for building the home caused Plaintiff to assent to sending $200,000 to Vietnam." We also do not disturb the finding in COL 19 which states: "19. The Court further concludes that the only measure of its value is the amount of money the parties sent to Vietnam in order to build that home." We affirm the Family Court's assessment of $200,000 as the value of the Vietnam Property in COLs 18 and 19.

While the Vietnam Property was properly included in the marital estate pursuant to FOFs 25-30 and 32, and its value assessed as $200,000 in COLs 18 and 19, the Family Court erred in

_____

[8]    HRCP Rule 8(c) and HFCR Rule 8(c) are identical provisions requiring the pleading of affirmative defenses.

12

not applying an equal division.  See Tougas, 76 Hawaiʻi at 28, 868 P.2d at 446 ("[I]f there is no agreement between the husband and wife defining the respective property interests, partnership principles dictate an equal division of the marital estate where the only facts proved are the marriage itself and the existence of jointly owned property.") (internal quotation marks omitted). Therefore, under the marital partnership model of property division, half of the $200,000 value of the Vietnam Property should have been allocated to Raymond.  On remand, the Family Court must apply an equal division.

### 4. Kim Lan's remaining contentions regarding errors in the property division

Kim Lan contends that the Family Court made additional errors in the division and distribution of property that improperly benefitted Raymond, and these errors "impacted the lower court's calculation of an equalization payment in his favor."  These contentions are without merit.

Kim Lan argues that all of Raymond's debts (Liv Lindeland loan, American Savings Bank Visa, Sears, Chase Bank in FOFs 65, 67, 68, 69) should have been considered his separate debt and not included in the property division because of Raymond's practices of "hiding income, inflated spending," and waste that Kim Lan claims Raymond committed.  The Family Court did not abuse its discretion in including these debts that were acquired during the marriage in the property division and in allocating these debts to Raymond. See Baker v. Bielski, 124 Hawaiʻi 455, 464, 248 P.3d 221, 230 (App. 2011) (determining that a debt was not a party's separate property because it was acquired during the marriage); HRS § 580-47(a) (Supp. 2016) (providing that the family court may allocate responsibility for the payment of joint or separate debt as it deems just and equitable).  FOFs 65, 67, 68 and 69, which are actually combined findings of fact and conclusions of law, are supported by substantial evidence and are not clearly erroneous, and reflect a

13

correct application of the relevant law to the facts. See JW, 146 Hawaiʻi at 585, 463 P.3d at 1242.

Kim Lan next argues that the Family Court erred in valuing the 78 Panaewa property at $150,000 as of March 6, 2014 (FOFs 19, 52), because the appraiser issued competing appraisals: one at $150,000 in Plaintiff's Exhibit 13 and the other at $40,000 in Plaintiff's Exhibit 35. Kim Lan's argument is without merit because the appraisals she cites were not competing but rather based on two different points in time. The Family Court's FOF 52 is supported by substantial evidence and not clearly erroneous. See Gordon, 136 Hawaiʻi at 348, 350 P.3d at 1016.

Finally, Kim Lan argues that the Family Court erred in valuing Kim Lan's American Savings Bank account at $20,724 (FOF 58), despite her testimony that she only had $3,000 in a credit union account. Kim Lan explained in her Reply Brief that the Family Court erred in relying on her September 21, 2015 Asset and Debt Statement instead of her January 22, 2016 Asset and Debt Statement. The Property Division Chart attached to the FOF/COL stated that the balance was $20,724 and allocated the account to Kim Lan. There appears to be no dispute that the account exists; however, the record contains evidence of differing values. FOF 58 is supported by substantial evidence in the record and was determined by the trial court as factfinder; thus, it was not clearly erroneous. See Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360; Gordon, 136 Hawaiʻi at 348, 350 P.3d at 1016.

### B. VARCs, EQUALIZATION PAYMENT, SPOUSAL SUPPORT, AND OTHER REMAINING ISSUES

We vacate the equalization payment of $233,735.25 (COL 33)[9] from Kim Lan to Raymond for recalculation in light of the

---

[9]    The COL regarding the equalization payment is as follows:

> 33. The parties' marital partnership assets and debts are determined to consist of and shall be divided as set forth in the Property Division Chart attached hereto as Exhibit "A" and, by this reference, incorporated herein.

equal division of the Vietnam Property that must be applied on remand.  As to the conclusions the Family Court entered regarding VARCs (COL 32),[10] and spousal support (COLs 7-10, and 30-31),[11]

---

The omission of an asset or debt urged by either party means that the Court finds it has not been proved to exist at the time of trial.  The division results in an equalization payment of $233,735.25 owing from Defendant [Kim Lan] to Plaintiff [Raymond].

[10] The COL regarding the VARCs is as follows:

32.  The Court concludes that there are no valid and relevant consideration [(VARCs)] [sic] that authorize the Court to deviate from the Marital Partnership Model, and that application of that model will result in the equitable distribution of the marital estate.

[11] These COLs regarding spousal support are as follows:

7.  HRS Sec. 580-47(a) sets forth 13 factors this Court must consider in assessing Defendant's alimony claim.  Those factors are stated in general terms and set forth in no particular order of importance.  The Intermediate Court of Appeals, first in <u>Cassiday v. Cassiday</u>, 6 Haw. App. 207 (Haw. Ct. App. 1985) and then in <u>Vorfeld v. Vorfeld</u>, 8 Haw. App. 391 (Haw. Ct. App. 1991) synthesized the most relevant of these 13 factors and restated them:

The relevant circumstances are (1) the payee's need (determined by the amount of money needed to maintain the standard of living established during the marriage; (2) the payees's ability to meet his or her nee [sic] without spousal support; (3) the payor's need (again, determined by the amount of money needed to maintain the standard of living established during the marriage); and (4) the payor's ability to pay spousal support while meeting his or her own need as well.

8.  The Court has considered those factors and concludes that the evidence at trial concerning the standard of living established during the marriage establishes that the parties enjoy the same standard of living now, living separate and apart, as they did while they were together.  Plaintiff has the same classic car he had and engages in the same activities.  Defendant has two homes, neither of which is encumbered by a mortgage.  She lives in one and rents the other.  Members of Defendant's family continue to visit her here and she continues to travel to Vietnam to visit them.

9.  The evidence also established and the Court concludes that Plaintiff and Defendant are each currently

15

which Kim Lan also challenges, we affirm as the Family Court did not abuse the wide discretion it possesses, and these conclusions are not wrong.  See Hamilton, 138 Hawaiʻi at 197, 378 P.3d at 913; Gordon, 136 Hawaiʻi at 348, 350 P.3d at 1016.  With regard to Kim Lan's argument that COL 7 contained an erroneous "truncated analysis" of the HRS § 580-47(a) factors, we disagree with this characterization.  COL 7 acknowledged that the statute "sets forth 13 factors [the Family] Court must consider in assessing [Kim Lan's] alimony claim."  Our review of all of the FOF/COLs reflects that the Family Court did consider all of the factors.

We resolve Kim Lan's remaining challenges to the FOF/COLs as follows.  With respect to challenged FOF 7, FOF 38, and FOF 39, these findings are within the province of the Family Court as factfinder, and Kim Lan has not demonstrated how these findings are clearly erroneous.  See Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360.  As to FOF 8 and FOF 37, we vacate in part only with respect to the incorrect age of Kim Lan; we otherwise affirm the findings as the record reflects that the Family Court was not wrong in denying spousal support to Kim Lan.  See id.; Gordon, 136 Hawaiʻi at 348, 350 P.3d at 1016.  With respect to FOF 16, FOF 18, FOF 21, COL 21, COL 34, no argument is provided, and we

---

meeting their financial obligations from their incomes.

10.  Considering the factors set forth in HRS Sec. 580-47(a) the Court concludes that Defendant is not entitled to receive alimony from Plaintiff.

. . . .

30.  Defendant entered into the marriage with assets approximately twice the value of Plaintiff's assets.  Even without considering the value placed by the Court on the home in Vietnam, Defendant is leaving the marriage with assets worth approximately $200,000 more than Plaintiff.

31.  Each party is meeting his or her regular monthly expenses with their regular monthly income.  Neither party is burdened by minor children.

do not address them.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7).

### IV.  CONCLUSION

For these reasons, the Family Court's July 26, 2016, Findings of Fact and Conclusions of Law, and the August 22, 2016, Decree Granting Absolute Divorce, are affirmed in part and vacated in part.  We remand for the application of an equal division as to the Vietnam Property, and for recalculation of the equalization payment in light of the equal division of the Vietnam Property, consistent with this Memorandum Opinion.  We affirm in all other respects.

DATED:  Honolulu, Hawaiʻi, June 17, 2021.


On the briefs:

Rebecca A. Copeland
(Law Office of Rebecca A.
Copeland, LLC)
for Defendant-Appellant

Brian J. De Lima
(Law Offices of Brian J. De
Lima)
for Plaintiff-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

17